United States District Court
Southern District of Texas
**ENTERED**
February 18, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL T. HANDY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-20-3751 |
| § | | |
| UNITED AIRLINES, INC., § | | |
| Defendant. § | | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Doc. # 7] filed by Defendant United Airlines, Inc. ("United"). Defendant argues that this Court's jurisdiction over Plaintiff Russell T. Handy's claim of wrongful termination in violation of the Americans with Disabilities Act ("ADA") is precluded by the exclusive jurisdiction under the Railway Labor Act ("RLA"). Plaintiff filed a Response [Doc. # 12] in opposition to the Motion to Dismiss, and United filed a Reply [Doc. # 13]. Having reviewed the record and governing legal authorities, the Court **denies** the Motion to Dismiss.

## **I. BACKGROUND**

Plaintiff alleges that he is HIV positive, a disability that substantially limits major life activities. *See* First Amended Complaint ("Complaint") [Doc. # 10], ¶ 6. Plaintiff was employed by United from April 24, 1994 until his employment was

terminated on September 26, 2019. As a Customer Service Representative with United, the terms and conditions of Plaintiff's employment were governed in part by a collective bargaining agreement ("CBA") that included an anti-drug policy.

Plaintiff alleges that a random drug test in December 2018 revealed the presence of codeine. *See id.*, ¶ 7. Plaintiff alleges that he had used a friend's cough syrup without realizing it had codeine in it. *See id.* As a result of the December 2018 drug test, Plaintiff entered into a Last Chance Agreement ("LCA") under the CBA on February 1, 2019. *See id.*, ¶ 8. In connection with the LCA, Plaintiff was required submit to no-notice drug testing, and to complete paperwork regarding his medical condition and any prescription medications he was taking. In the paperwork, Plaintiff disclosed that he was HIV positive. *See id.*, ¶ 9.

Plaintiff alleges that after he disclosed his HIV status, United "began treating him differently." *Id.* Plaintiff alleges that United's treatment of him after he disclosed he was HIV positive was "significantly different than the treatment after the failed drug test but before the disclosure of his HIV status." *Id.*, ¶ 10. Plaintiff alleges that he was subjected to heightened scrutiny based on his HIV status and the perception that being HIV positive made it likely that he was "an illegal drug abuser." *Id.*, ¶ 11.

Plaintiff alleges that on more than one occasion, United, knowing he was out of town for work, required him to report for no-notice drug testing at a testing site in

Houston, and would not allow him to use a testing site in the location where he was working. *See id.*, ¶ 12.

On August 7, 2019, Plaintiff called in sick because of kidney stones. *See id.*, ¶ 13. On August 8, 2019, Plaintiff discovered that he had been scheduled for a no-notice drug test the previous day when he was sick and away from work. *See id.*, ¶ 14. Plaintiff was directed to provide a doctor's note for the August 7, 2019 absence. *See id.*, ¶ 17.

On August 13, 2019, Plaintiff learned that he was scheduled for a no-notice drug test that day, but when he arrived at the testing site it was closed. *See id.*, ¶ 18.

Plaintiff alleges that at a meeting on August 15, 2019, United refused to accept his doctor's note for the August 7, 2019 absence, or his explanations for the missed tests. *See id.*, ¶ 21. Plaintiff alleges that United rejected his offers to go to the testing center then, to go to his primary care physician for testing, or to provide a hair sample to substantiate his claim that he was not using illegal drugs. *See id.*

Plaintiff's employment with United was terminated on September 26, 2019. Plaintiff alleges that his termination was the result of disability discrimination in violation of the ADA. *See id.*, ¶¶ 25, 32.

Plaintiff filed this lawsuit on November 3, 2019, and filed his First Amended Complaint on December 16, 2020. On February 17, 2021, Plaintiff stipulated to the

dismissal of all claims except the claim that he was wrongfully terminated in violation of the ADA. *See* Stipulation of Dismissal [Doc. # 18]; Order [Doc. # 19].

United moved to dismiss the case, arguing that this Court lacks subject matter jurisdiction based on the exclusive jurisdiction under the RLA. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When the Court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahou*, 751 F.3d 303, 307 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint

supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

### B.     JURISDICTION UNDER THE RLA

The RLA classifies disputes relating to a CBA as either "major" or "minor." *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252-53 (1994). Minor disputes are exclusively within the jurisdiction of the RLA. *See Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 94 (1978); *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322 (1972). "The distinguishing feature of a minor dispute is that the dispute may be conclusively resolved by interpreting the existing [collective bargaining] agreement." *Carmona v. Sw. Airlines Co.*, 536 F.3d 344, 348 (5th Cir. 2008) (quoting *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 305 (1989)). "To state that a claim can be 'conclusively resolved' by interpreting a CBA 'is another way of saying that the dispute does not involve rights that exist independent of the CBA.'" *Id*. (quoting *Norris*, 512 U.S. at 265).

For a federal court to have subject matter jurisdiction over an ADA wrongful discharge claim such as Plaintiff's "do[es] not require that the CBA be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims."

*See Carmona*, 536 F.3d at 349. Other circuits have similarly held that claims grounded in federal statutory rights such as the ADA are generally not precluded by the RLA. *See id.* at 350 (and cases cited therein).

### III. ANALYSIS

Plaintiff claims that his HIV-positive status was the reason his employment was terminated. This ADA wrongful termination claim does not bring the meaning of the LCA into dispute. Plaintiff argues that the LCA was *applied* to him in a discriminatory manner after he revealed his HIV status, not that the LCA itself was fundamentally discriminatory. As a result, resolution of Plaintiff's ADA claim relies on consideration of the LCA as applied to Plaintiff in this case, not on the interpretation of the LCA itself. Although the LCA is likely relevant to Plaintiff's ADA wrongful discharge claim, an interpretation of the LCA would not conclusively resolve the dispute involving Plaintiff's federal statutory rights under the ADA – rights that exist independent of the LCA. As no interpretation of the LCA is requested or required, Plaintiff's ADA claim does not constitute a "minor dispute" and this Court's jurisdiction over the claim is not precluded by the RLA. *See Carmona*, 536 F.3d at 344.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that United's Motion to Dismiss [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this 18th day of **February, 2021**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE